UNITED STATES FOR THE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                  :

            Plaintiff,                  :       **MEMORANDUM and ORDER**

    -against-                                      :
                                                  08 Civ. 6765 (JSR)(KNF)

JOEL AUSTIN,                               :

            Defendant.                  :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Joel Austin ("Austin"), proceeding <u>pro se</u> and <u>in forma pauperis</u>, has moved, pursuant to 28 U.S.C § 2255, to vacate, set aside, or correct his sentence, based upon a claim that his counsel rendered ineffective assistance to him by failing to object to the Pre-Sentence Report's finding that his 1997 conviction, for third-degree attempted robbery, constituted a predicate offense for enhancing his sentence, pursuant to the Armed Career Criminal Act ("ACCA"). <u>See</u> 18 U.S.C. § 924(e)(1). In May 2007, Austin pleaded guilty to possessing a firearm that had been shipped or transported in interstate or foreign commerce, after having been convicted previously for a crime punishable by a term of imprisonment exceeding one year. <u>See</u> 18 U.S.C. § 922(g)(1). Austin requests that the Court appoint counsel to assist him in obtaining the relief he seeks through his 28 U.S.C. § 2255 motion. His application is addressed below.

      28 U.S.C. § 2255, in pertinent part, provides the following:

> Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the

Supreme Court pursuant to statutory authority.  Appointment of counsel under this section shall be governed by section 3006A of title 18.

28 U.S.C. § 2255(g).

Pursuant to 18 U.S.C. § 3006A, "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28.  18 U.S.C. § 3006A(2)(B).  "In determining whether 'the interests of justice' require the appointment of counsel pursuant to § 3006A[(2)(B)], the courts in this circuit consider several factors: 'the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case.'"  Harrison v. United States, Nos. 06-CV-261S, 03-CR-0114-001S, 2006 U.S. Dist. LEXIS 44774, *2-3, 2006 WL 1867929, *1 (W.D.N.Y. June 30, 2006).  "In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991).  This means that it appears to the court "from the face of the pleading[s]," (see Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988)), that the claim(s) asserted by the plaintiff "may have [some] merit," (see Vargas v. City of New York, No. 97 Civ. 8426, 1999 U.S. Dist. LEXIS 10406, at *4-5; 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999)), or that plaintiff "appears to have some chance of success. . . ."  Hodge, 802 F.2d at 60-61.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's error(s), the outcome of the proceeding would

have been different.  See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068 (1984).

ACCA's 15-year mandatory minimum term of incarceration applies "[i]n the case of a person who violates section 922(g) of [Title 18] and has three previous convictions . . . for a violent felony. . . ."  18 U.S.C. § 924(e)(1).  In relevant part, ACCA defines a "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B).  In determining whether a conviction for robbery constitutes a "violent felony" within the meaning of § 924(e)(2)(B), courts look to the "generic" meaning of the offense.  See Taylor v. United States, 495 U.S. 575, 590-602, 110 S. Ct. 2143, 2154-2160 (1990). "The generic meaning of 'robbery' is reflected in the statutory definitions of that crime:" (1) New York Penal Law ("NYPL") § 160.00 defines robbery as "forcible stealing" and explains that "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person. . . ."; and (2) 18 U.S.C. § 1951(b)(1) defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another . . . by means of actual or threatened force . . . to his person or property. . . ."  United States v. Brown, 52 F.3d 415, 425-26 (2d Cir. 1995).  At the time of Austin's conviction, third-degree robbery was classified a D felony in New York, see NYPL § 160.05 (McKinney 1997), and "[a]n attempt to commit a crime is a . . . [c]lass E felony when the crime attempted is a class D felony."  NYPL § 110.05(6) (McKinney 1997).  A class E felony, in 1997, was punishable by an indeterminate sentence that could not exceed four years, and had to be at least one year.  See NYPL §§ 70.00(2)(d), 70.00(3) (McKinney 1997).

Austin's challenge to the ACCA enhancement that was triggered by his conviction for third-degree attempted robbery is not likely to be of merit, since this crime satisfies the definition of a "violent felony:" (1) it is punishable by a term of imprisonment exceeding one year; (2) it involves the use or attempted use of force against the person of another; and (3) it has been determined previously, by the Second Circuit Court of Appeals, to be a predicate offense supporting an enhancement pursuant to ACCA. See e.g., Brown, 52 F.3d at 425-26 (2d Cir. 1995) (finding that third-degree attempted robbery qualified as a "violent felony" under ACCA "and was a correctly regarded predicate offense for the purpose of enhancing [the] sentence"); Danielson v. United States, Nos. 01 Civ. 1182, 97 CR. 295, 2001 U.S. Dist. LEXIS 10802,*3, n.1; 2001 WL 863416, at *1, n.1 (S.D.N.Y. July 30, 2001) (noting that, at sentencing, it was determined that third-degree attempted robbery is a violent felony within the meaning of ACCA). Therefore, Austin's claim, that his counsel was ineffective for failing to challenge the finding that third-degree attempted robbery constituted a predicate offense for his ACCA sentencing enhancement, does not appear to have merit. Consequently, the Court is not persuaded, upon the face of the pleadings, that, in this circumstance, appointing counsel to assist Austin is warranted. Therefore, the plaintiff's request, that the court appoint counsel to represent him, is denied.

Dated: New York, New York
January 5, 2009

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Joel Austin
Loyaan A. Egal, Esq.