UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,             :
                                      :
            v.                        :   06-cr-991 (JSR)
                                      :
JOEL AUSTIN,                          :
                                      :
            Defendant.                :
------------------------------------- x

------------------------------------- x
JOEL AUSTIN,                          :
                                      :
            Petitioner,               :
            v.                        :   08-cv-06765 (JSR) (KNF)
                                      :
UNITED STATES OF AMERICA,             :
                                      :
            Respondent.               :
------------------------------------- x

OPINION

JED S. RAKOFF, U.S.D.J.

This case began in 2006, when Joel Austin was arrested for jumping a turnstile. Subway police patted him down and found an unloaded gun, and Austin pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The statutory maximum prison sentence for such a conviction is typically ten years. However, the Court found that Austin was subject to a fifteen-year mandatory <u>minimum</u> under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had three prior convictions for "violent felonies," specifically: (1) a 1987 conviction for second-degree New York robbery, (2) a different

-1-

1987 conviction for attempted second-degree New York robbery, and (3) a 1997 conviction for attempted third-degree New York robbery. The Court sentenced Austin to the mandatory minimum fifteen years' imprisonment followed by three years of supervised release. Judgment, ECF No. 19 (Aug. 21, 2007).[1]

In July 2008, Austin filed a 28 U.S.C. § 2255 petition seeking to vacate his sentence on the ground that his 1997 conviction for attempted third-degree robbery was not an ACCA predicate, i.e., a violent felony. In August 2009, this Court adopted Magistrate Judge Fox's report and recommendation denying the petition. ECF No. 25 (Aug. 21, 2009).

In October 2010, Austin filed a second § 2255 petition. In February 2011, this Court adopted Magistrate Judge Gorenstein's report and recommendation denying the petition as a second or successive petition filed without leave of the Second Circuit. ECF No. 28 (Feb. 8, 2011).

In November 2016, Austin obtained the Second Circuit's leave to file a third § 2255 petition, seeking relief on the ground that none of his prior convictions were ACCA predicates after the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which held that ACCA's "residual clause" is unconstitutionally vague. ECF No. 32.

---

[1] Docket entries refer to United States v. Austin, 06-cr-991 (JSR), unless otherwise noted.

On December 4, 2017, this Court granted Austin's petition. Opinion and Order, ECF No. 42. Adopting the report and recommendation of Magistrate Judge Netburn, the Court found that Austin's claim was timely and properly based on a new rule of constitutional law, as stated by the Supreme Court in Johnson. The Court "h[e]ld[] that neither third- nor second-degree robbery in New York is a categorically violent felony under ACCA." Id. at 2. Because without the ACCA enhancement Austin's sentence was statutorily capped at ten years, and Austin had served approximately eleven years of his original fifteen-year sentence, the Court ordered him released from custody forthwith.

The Government appealed. The appeal was stayed pending the Second Circuit's consideration of United States v. Thrower, which squarely presented the question of whether substantive and attempted New York robbery are "violent felonies" under ACCA's force clause (which, unlike the residual clause, is still valid following Johnson). The Second Circuit decided Thrower in 2019, holding that "the New York offense of attempted robbery in the third degree is a 'violent felony' under ACCA." 914 F.3d 770, 770 (2d Cir. 2019). One year later, the Second Circuit vacated this Court's 2017 order granting Austin's § 2255 petition and remanded the matter to this Court for further consideration in light of Thrower.

On remand, the parties submitted further briefs on the § 2255 petition, and the Court heard oral argument last spring. Austin contended that the Second Circuit in Thrower did not consider certain arguments for why New York attempted robbery should not be considered a crime of violence, and that this Court was free to consider those arguments despite Thrower. Austin also sought leave to amend his § 2255 petition to add additional claims.

Before the parties finished briefing and arguing the § 2255 petition on remand, however, the Court addressed the question whether Austin was entitled to bail pending consideration of his § 2255 petition. The Court found that he was not entitled to bail and imposed a surrender date. Austin then moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). The Court granted Austin's motion for compassionate release, reducing his prison sentence to time served and vacating his surrender date.

At that time, Austin had been at liberty since the Court's December 2017 opinion, and had been serving his three-year term of supervised release, which was set to expire in December 2020. Austin had completed the Probation Department's Life Skills program. He had secured employment as a maintenance worker and then as a UPS employee. Given Austin's long period at liberty, his complete rehabilitation, and that he was not without COVID-19 risk factors (e.g., obesity), the Court found that extraordinary

-4-

and compelling circumstances warranted a reduction of his prison sentence to time served.

The Court's opinion granting Austin's motion for compassionate release noted that Austin's § 2255 petition technically remained pending on remand and was not entirely mooted by the Court's grant of compassionate release because Austin was still serving supervised release. However, given that only a few months of supervised release remained, the Opinion stated that "the Court will deem th[e] [§ 2255] motion, for all practical purposes, to be moot, unless defense counsel notifies the Court that she wishes to renew it." ECF No. 72, at 10 n.4.

In August 2020, Probation filed a petition alleging that Austin violated the terms of supervised release by selling cocaine on August 1, 2020 and possessing cocaine with intent to sell it on August 7, 2020. Austin denied the specifications and moved for trial by jury. The Court denied the motion. Given that denial, however, the Court held that Apprendi and its progeny would prohibit the Court at sentencing from imposing a sentence that, when aggregated with the original sentence, would exceed the statutory maximum for the original crime of conviction. Given that Austin had already served almost eleven years, the Court's power to impose a further prison term without a jury trial turned on whether Austin was properly sentenced to a 15-year mandatory

minimum or whether, as Austin's § 2255 petition maintains, he was subject to a 10-year statutory maximum.

Following an evidentiary hearing, the Court issued findings of fact and conclusions of law, adjudging Austin guilty of both specifications. At sentencing, the Court orally denied Austin's § 2255 petition, revoked Austin's term of supervised release, and sentenced Austin to time served plus one year of supervised release, during which time Austin is subject to 24/7 home confinement, except as authorized by Probation.

This Opinion sets forth the basis for the Court's oral ruling denying Austin's third § 2255 petition.

ANALYSIS

I. Did Austin Commit Three Prior Violent Felonies?

As the Court recognized when denying Austin's motion for trial by jury,

> [i]f Austin is correct . . . that the maximum authorized term of imprisonment following his original conviction was ten years (which he has now served), then imposing a further prison term now without trial by jury and proof beyond a reasonable doubt would unconstitutionally exceed the statutory maximum term of imprisonment the jury has authorized for the original crime of conviction.

Opinion and Order, ECF No. 92, at 15 (Nov. 17, 2020) (cleaned up). The Court therefore concluded that "Austin is free to renew at sentencing his argument that the proper statutory maximum for his

crime of conviction was ten years, despite Thrower." Id. at 16. Austin has now renewed that argument.

This Court, of course, originally agreed with Austin. However, Thrower squarely forecloses Austin's argument. Thrower held that substantive New York robbery in the third degree (and, a fortiori, in the second and first degrees) is an ACCA predicate under the "force clause" (i.e., the clause defining a "violent crime" as a crime that "has an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)). The Second Circuit noted that all degrees of substantive New York robbery require "forcibl[e] steal[ing]," which is defined as "physical force [used or threatened] upon another person for the purpose of: 1. Preventing or overcoming resistance to the taking of the property . . . or 2. Compelling the owner of such property . . . to deliver up the property . . . ." N.Y. Penal Law §§ 160.00, 160.05. Furthermore, in Stokeling v. United States, 139 S. Ct. 544, 555 (2019), the Supreme Court held that "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery." Accordingly, the Second Circuit held that third-degree New York robbery was an ACCA violent felony. Thrower, 914 F.3d at 774-76.

Thrower went on to hold that attempted New York robbery in the third degree (and, a fortiori, in the first and second degrees)

is also an ACCA predicate. As to attempted robbery, the Second Circuit noted that ACCA's force clause includes within its definition the "attempted use . . . of physical force," and that New York's standard for attempt ("dangerously near commission of the completed crime") is more stringent than the federal "substantial step" test. It follows that New York robbery is an ACCA violent felony. Id. at 776-77. In sum, this Court's prior holding is irreconcilable with subsequent Second Circuit precedent. See also United States v. Thomas, 765 Fed. App'x 553, 559 (2d Cir. 2019) (unpublished) (Thrower, Stokeling, and related cases "make clear that all degrees of robbery and attempted robbery under New York law constitute violent felonies within the meaning of the ACCA."). This binding precedent controls this case.

For these reasons, Austin's prior convictions were for "violent felonies" under ACCA's force clause. Therefore, the Court properly sentenced Austin to a 15-year mandatory minimum term, so his § 2255 petition cannot succeed on that basis. For the same reason, as the Court noted at sentencing, Austin's statutory maximum prison term was life and the Court was empowered to constitutionally impose an additional prison term upon revocation of supervised release, even without trial by jury and proof beyond a reasonable doubt (although, as noted, the Court instead imposed a sentence of supervised release conditioned on home confinement).

II. Must Austin's § 922(g) Conviction Be Vacated Under Rehaif?

Austin also moved to amend his § 2255 petition to add two further arguments for vacatur of his underlying conviction. First, Austin argues that when pleading guilty he did not admit to knowing that he was a felon. In Rehaif v. United States, 139 S. Ct. 2191 (2019), the Supreme Court held that a § 922(g) offense requires not only that the defendant "knew he possessed a firearm" but also that he knew "he fell within the relevant status" of persons prohibited from possessing a firearm "when he possessed it." Id. at 2194. The relevant status in Austin's case is a felon -- or, more precisely, a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

When Austin allocuted, this Court anticipated that § 922(g) would be read to require proof of mens rea, but the Court focused on whether Austin knew that possession of the gun was unlawful. Plea Tr. at 12:2-5; 17:15-18:10; 22:21-23:20.[2] The Court did not specifically ask Austin whether he knew he was a felon, i.e.,

---

[2] Austin admitted that he had kept the gun in his home for about two years prior to his arrest, id. at 15:25-16:21, and that during that time, he knew that it was illegal for him to possess the gun in his home, id. at 22:21-23:20. Austin testified that he knew that he could not possess a gun while he was on state parole, but he said that he did not know that he was permanently prohibited from possessing a gun as a felon. Id. at 14:21-15:4.

whether he knew that he had been convicted of a crime punishable by more than one year in prison.

Absent further proof of the defendant's subjective knowledge of his status as a felon, the Supreme Court has expressed doubt that a defendant would have the necessary mens rea if he was eligible to be sentenced to more than one years but was, in fact, sentenced to less than one year in prison. See Rehaif, 139 S. Ct. at 2198. Here, however, Austin was sentenced to 2 to 6 years' imprisonment for his two 1987 convictions and then to 18 months to 3 years' imprisonment for his 1997 conviction. Accordingly, there is no reason to believe that when Austin possessed a firearm in 2006, Austin did not know that he had been convicted of a crime punishable for a term exceeding one year. His Rehaif argument thus fails.[3]

   III. Was the Government Required Under Shepard To Offer Documentary Evidence Proving That Austin's Three Prior New York Robbery Convictions Arose from Different Occasions?

Finally, Austin notes that the ACCA sentencing enhancement applied to his case covers only a defendant with "three previous

---

[3] The Government argues that this Court cannot consider this argument because it cannot grant Austin's motion to amend his § 2255 petition. As stated at Austin's most recent sentencing, the Court disagrees and finds that § 2255 petitions are governed by the liberal amendment standard stated in Federal Rule of Civil Procedure 15. See Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) (Sotomayor, J.) (applying that standard to a motion to amend a § 2255 petition). In any event, this point is moot because the Court denies the petition on the merits, even as modified.

-10-

convictions . . . for a violent felony . . . <u>committed on occasions different from one another</u>." 18 U.S.C. § 924(e)(1) (emphasis supplied). Austin now argues that the Government has not produced documentary evidence demonstrating that his two 1987 convictions arose from different occasions and that his conviction must, therefore, be vacated under <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005).

According to Austin's Pre-Sentencing Investigation Report, the two 1987 crimes resulted in convictions on the same day and were sentenced concurrently. However, no one raised this issue during the original criminal proceeding, and in fact Austin conceded in his plea allocution that the two 1987 convictions stemmed from different occurrences, with one resulting from events in 1986 and one from events in 1987:

> THE COURT: Here is what I have in the indictment. Let me go through it. See if this is correct. There are three violent felonies that they alleged. I take it the most recent one, 1997, you were convicted on July 9th in New York State Supreme Court for attempted robbery in the third degree. Is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Then, previous to that, you were convicted on October 21, 1987, for robbery in the second degree based on some events that occurred in 1987. Is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Then, they say you were also convicted on that same date, October 21, 1987, again in the Bronx, for another attempted robbery in the second degree that grew out of an arrest in 1986. Is that correct?

THE DEFENDANT: Yes.

Plea Hearing Tr. 13:21-14:11, ECF No. 17 (May 3, 2007). Defense counsel now argues that the PSR is not a valid Shepard document, which the Government does not deny. See United States v. Rosa, 507 F.3d 142, 156 (2d Cir. 2007). The difficulty with Austin's argument is that the Government need not rely on the PSR; Austin conceded that these two offenses occurred on separate occasions <u>at allocution</u>.

Austin relies heavily on United States v. Dantzler, 771 F.3d 137 (2d Cir. 2014). There, as here, the defendant pled guilty to a § 922(g) offense, id. at 139, and the Government charged that the ACCA enhancement applied because the defendant had been convicted of three prior violent felonies. The defendant responded that ACCA did not apply because two of his predicate robberies were committed on the same day and, therefore, not on separate occasions. Id. at 139-40. The district court rejected this argument and found at sentencing that the fifteen-year mandatory minimum applied. In arriving at this conclusion, the district court consulted the PSR and the state criminal complaints to find that the two robberies in question -- while both committed on the New York subway on the same day -- involved separate victims and thus constituted separate "occasions." Id. at 140-41.

The defendant appealed. Reviewing for plain error, the Second Circuit held that the requirements of Shepard and Taylor apply when determining whether predicate crimes committed on the same date were committed on separate "occasions." Id. at 145. The district court thus committed plain error by consulting the PSR and the state complaint, and the sentence was vacated.

Dantzler is distinguishable from the case at bar because Austin conceded at allocution that one of the predicate robberies occurred in 1986 and the other occurred in 1987. In Dantzler, the defendant made no such concession. Dantzler does not preclude a defendant, at allocution, from conceding that two offenses occurred on separate occasions, and that is precisely what Austin did. Accordingly, Austin's Shephard claim also fails.[4]

For the foregoing reasons, Austin's third § 2255 petition is denied. The Clerk of Court is directed to close Austin v. United States, 08-cv-06765 (JSR) (KNF).

SO ORDERED

Dated: New York, NY
July 1, 2021

_____
JED S. RAKOFF, U.S.D.J.

---

[4] As an independent basis for denying relief on the Shephard claim, the Court finds that this claim was procedurally defaulted, and that Austin has not shown cause to overcome the default.